IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | No. 3:20-cr-155-S |
| | § | |
| ZAKI R. WYLE, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

By electronic order dated December 1, 2020, United States District Judge Karen Gren Scholer referred this matter to the undersigned United States magistrate judge to conduct a hearing on the alleged violations contained in the Petition for Person Under Supervision filed with the Court on November 5, 2020 [Dkt. No. 6] and to make findings and a recommendation for modification, revocation, or termination of the defendant's term of supervised release, including a recommended disposition under 18 U.S.C. § 3583(e). *See* Dkt. No. 12. Defendant Zaki R. Wyle personally appeared in person and through counsel for a final revocation hearing over VTC on March 3, 2021.

After consideration of the filings, evidence, testimony, oral argument, and applicable law, Defendant should be continued on his term of supervised release.

**Background**

Defendant Zaki R. Wyle was sentenced in the United States District Court of the Western District of Missouri to 40 days in custody, followed by a 3-year supervised release term, for the offense of Felon in Possession of a Firearm, in violation of 18

U.S.C. §§ 922(g)(1) and 924(a)(2). He began his term of supervised release on October 23, 2018, and jurisdiction was transferred to the Northern District of Texas on April 16, 2020. *See* Dkt. Nos. 1 & 2.

## A.    Alleged Violations

On November 5, 2020, the supervising United States Probation Officer (USPO) submitted a petition for offender under supervision (Petition) alleging the following four violations:

## I.

### Violation of Mandatory Condition

The defendant shall not commit another federal, state, or local crime.

### Violation of Mandatory Condition

The defendant shall not illegally possess a controlled substance.

### Violation of Standard Condition No. 1

The defendant shall not leave the judicial district without the permission of the court or probation officer.

### Nature of Noncompliance

Zaki R. Wyle violated these conditions of supervised release on August 1, 2020, as evidenced by his arrest for the offenses of Unlawful Cultivation or Distribution of Controlled Substances and Possession of Drug Paraphernalia, in violation of Kansas State Statute 21-5705(a)(4), a misdemeanor and felony, respectively.

On August 1, 2020, at approximately 2140 hours, Mr. Wyle was the passenger in a vehicle that was pulled over for traveling at 72 miles per hour in a 50 miles per hour zone in Fort Scott, Bourbon County, Kansas. The driver reported her driver's license and personal belongings were in the trunk of the vehicle. The officer, Corporal Gibson, smelled a strong odor of marijuana emitting from the vehicle. After waiting on secondary officers to arrive, a search of the vehicle was

conducted. A multicolor grinder was located with trace amounts of a green leafy substance inside and based on their training, officers believed it to be marijuana. Several burnt roaches, the end of hand rolled marijuana cigarettes, were found near the front passenger seat, where Mr. Wyle was sitting. Furthermore, a small black zip up case was found in the back seat on the driver's side of the vehicle. Inside the case was a black canister containing a large quantity of a green leafy substance and a silver grater with a moisture wicking packet. Also, found in the same black case was a black digital scale with "WeighMax" written on the lid. Below the scale, officers found a bundle of U.S. currency wrapped with a pink hair tie. In total, $1,520.00 was found in the vehicle.

Mr. Wyle admitted a black backpack with his clothing and approximately $1,000 in cash belonged to him, but nothing else in the vehicle was his. Both he and the driver denied the marijuana belonged to either one. The driver informed officers Mr. Wyle had rolled a joint of marijuana when they left Kansas City and they both smoked it. She was unaware of any more marijuana or money in the vehicle. She informed officers the backpack in the backseat belonged to him, as well.

Both individuals were placed under arrest and transported to Bourbon County Corrections. Mr. Wyle's next court hearing is scheduled for November 13, 2020, at 1:30p.m., which is set to be conducted virtually via Zoom.

Mr. Wyle was not granted permission to travel outside of the Northern District of Texas.

## II.

### Violation of Mandatory Condition

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter.

### Violation of Standard Condition No. 7

The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician.

**Nature of Noncompliance**

Mr. Wyle violated these conditions of supervised release by using marijuana, an illegal controlled substance, in March 2020. On March 11, 2020, Mr. Wyle submitted a urine specimen at Homeward Bound, Inc. (HBI), Dallas, Texas, which tested positive for marijuana. Mr. Wyle admitted to using marijuana.

Mr. Wyle violated these conditions of supervised release by using marijuana, an illegal controlled substance, in July 2020. On July 15, 2020, Mr. Wyle submitted a urine specimen at HBI, Dallas, Texas, which tested positive for marijuana. Mr. Wyle denied using marijuana. The urine specimen has been confirmed by the national laboratory.

Mr. Wyle violated these conditions of supervised release by using marijuana, an illegal controlled substance, in August 2020. On August 26, 2020, Mr. Wyle submitted a urine specimen at HBI, Dallas, Texas, which tested positive for marijuana. The urine specimen has been confirmed by the national laboratory.

Mr. Wyle violated these conditions of supervised release by using marijuana, an illegal controlled substance, in September 2020. On September 4, 2020, Mr. Wyle submitted a urine specimen at the U.S. Probation Office, Dallas, Texas, which tested positive for marijuana. The specimen has been sent for confirmation by the national laboratory.

Mr. Wyle violated these conditions of supervised release by using marijuana, an illegal controlled substance, in September 2020. On September 22, 2020, Mr. Wyle submitted a urine specimen at the U.S. Probation Office, Dallas, Texas, which tested positive for marijuana. The specimen has been sent for confirmation by the national laboratory.

Mr. Wyle violated these conditions of supervised release by using marijuana, an illegal controlled substance, in or about October 2020. On October 6, 2020, Mr. Wyle submitted a urine specimen at HBI, Dallas, Texas, which tested positive for marijuana.

### III.

**Violation of Special Condition**

Successfully participate in any substance abuse counseling program, which may include chemical or Breathalyzer testing, as directed by the Probation Office, and pay any associated costs, as directed by the Probation Office.

**Nature of Noncompliance**

Mr. Wyle violated this condition of supervised release by failing to submit random urine specimens on the following dates: February 4, 2020, June 23, 2020, July 28, 2020, August 6, 2020, and September 2, 2020.

## IV.

### Violation of Standard Condition No. 6

The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.

### Nature of Noncompliance

Mr. Wyle violated this condition of release by failing to report he changed residences, as verified by the August 1, 2020, arrest report narrative provided by the Fort Scott Police Department. The address provided by Mr. Wyle was 2775 North 360 Highway, Grand Prairie, Texas.

Dkt. No. 6.

On November 9, 20202, the Court issued a summons for Defendant to appear based on the Petition. *See* Dkt. Nos. 6 & 7. He made his initial appearance in this district on November 30, 2020. *See* Dkt. No. 8.

On February 2, 2021, the USPO submitted an addendum to the Petition (Addendum), alleging the following:

## I.

### Violation of Mandatory Condition

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drugtest within 15 days of release from imprisonmentand at least two periodic drug tests thereafter.

### Violation of Standard Condition No. 7

The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or

any paraphernalia related to any controlled substances, except as prescribed by a physician.

**Nature of Noncompliance**

Zaki R. Wyle violated these conditions of supervise release by using marijuana, an illegal controlled substance, in or about October 2020. On October 29, 2020, Mr. Wyle submitted a urine specimen at HBI, Dallas, Texas, which tested positive for marijuana. The urine specimen has been confirmed by the national laboratory.

Mr. Wyle violated these conditions of supervise release by using marijuana, an illegal controlled substance, in or about November 2020. On November 6, 2020, Mr. Wyle submitted a urine specimen at HBI, Dallas, Texas, which tested positive for marijuana. The urine specimen has been confirmed by the national laboratory.

Mr. Wyle violated these conditions of supervise release by using marijuana, an illegal controlled substance, in or about November 2020. On November 23, 2020, Mr. Wyle submitted a urine specimen at HBI, Dallas, Texas, which tested positive for marijuana. The urine specimen has been confirmed by the national laboratory.

Mr. Wyle violated these conditions of supervise release by using marijuana, an illegal controlled substance, in or about December 2020. On December 29, 2020, Mr. Wyle submitted a urine specimen at HBI, Dallas, Texas, which tested positive for marijuana. Mr. Wyle verbally admitted to using a marijuana edible at a social gathering. The urine specimen has been confirmed positive.

Mr. Wyle violated these conditions of supervise release by using marijuana, an illegal controlled substance, in or about January 2021. On January 6, 2021, Mr. Wyle submitted a urine specimen at HBI, Dallas, Texas, which tested positive for marijuana. Mr. Wyle admitted to using a CBD based muscle relaxer. A confirmation test by the national laboratory is pending.

***The additional violations DO NOT affect the previously reported Statutory Provisions or the Chapter 7 Violation Computations.***

Dkt. No. 23.

Judge Scholer ordered on February 9, 2021 that "[t]he original petition filed on November 5, 2020, be amended to include the additional alleged violations in this petition." *Id.* at 4.

**B.**    **Revocation Hearing**

After two continuances, Defendant appeared with counsel for a final VTC revocation hearing on March 3, 2021. *See* Dkt. Nos. 15-18, 24, & 25. After his competence was established, Defendant testified under oath that he understood the violations alleged in the Petition and the Addendum and the range of punishment for those violations. He understood that he had the right to plead not true and have a hearing concerning whether he committed those violations. Despite his understanding, Defendant knowingly and voluntarily consented to enter his plea to the violations alleged in the Petition before a United States Magistrate Judge. *See also* Dkt. No. 21. Specifically, e agreed to plead true to the violations listed as II, III, and VI in the Petition and to the violations listed as I in the Addendum but pleaded not true to the violation listed as I in the Petition. *See also* Dkt. No. 22. And he sought to be heard on the issue of whether his supervised release should be revoked.

As to the violations listed as I in the Addendum, Defendant, though counsel, admitted that he left the jurisdiction without permission but contested the alleged new criminal offense. The government called as a witness Deputy Aaron Gibson, who was the arresting officer in Kansas on August 2, 2020. Deputy Gibson testified that he pulled over, for speeding, the car in which Defendant was sitting in the front passenger seat next to a female who was driving. Deputy Gibson smelled marijuana and, after calling in backup, conducted a probable cause search of the car. The search turned up several burnt roaches (the end of hand rolled marijuana cigarettes) near the front passenger seat and a black backpack in the backseat – which, after being

arrested and Mirandized, Defendant admitted was his – and a separate black pouch containing $1,520 in cash tied with a pink hair tie, a canister with a green leafy substance that Deputy Gibson believed to be marijuana, and a digital scale. Defendant admitted to Deputy Gibson that he had given approximately $1,000 cash to the driver but that he did not know what she had done to secure it, and Defendant denied possessing the black pouch or its contents. The case, as noted in the Petition, is still pending in Kansas state court, and lab tests on the nature and quantity of the green leafy substance are not yet available.

As to the violations to which he admitted, Defendant argued for an exception to mandatory revocation, where he "is currently successfully participating in substance abuse treatment, including recently added group therapy sessions," and "would like to continue his treatment and respectfully requests this Court exercise its discretion and apply the mandatory revocation exception." Dkt. No. 22 at 2.

At the conclusion of the hearing, the undersigned orally recommended that the pleas of true to the violations listed as II, III, and VI in the Petition and to the violations listed as I in the Addendum be accepted by Judge Scholer, that Judge Scholer find that the government failed to prove by a preponderance of the evidence that Defendant violated his supervised release conditions by committing a new offense as alleged in the violation listed as I in the Petition, and that Defendant be continued on his term of supervised release based on an exception to mandatory revocation.

## Analysis

Section 3583(e)(3) of Title 18 provides that after considering the factors set out in § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), a court may

> revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than 5 years in prison if the offense that resulted in the term of supervised release is a class A felony, more than 3 years in prison if such offense is a class B felony, more than 2 years in prison if such offense is a class C or D felony, or more than one year in any other case[.]

18 U.S.C. § 3583(e)(3). The relevant factors in § 3553(a) to be considered are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--
> ***
>> (B) to afford adequate deterrence to criminal conduct;
>> (C) to protect the public from further crimes of the defendant; and
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> ***
> (4) the kinds of sentence and the sentencing range established for--
>> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--
>>> (i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
>>> (ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or

(B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);

(5) any pertinent policy statement--

(A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

(B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. §§ 3553(a), 3583(e)(3).

The United States Court of Appeals for the Fifth Circuit has held that courts may not consider the factors listed in § 3553(a)(2)(A), which include "the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," when revoking a term of supervised release. *United States v. Miller*, 634 F.3d 841 (5th Cir. 2011). Nor may courts impose or lengthen a prison term in order to foster a defendant's rehabilitation. *See United States v. Tapia*, 131 S. Ct. 2382 (2011).

Revocation of a term of supervised release is mandatory if the defendant possesses a controlled substance, possesses a firearm, refuses to comply with drug testing, or tests positive for illegal controlled substances more than three times over the course of one year. *See* 18 U.S.C. § 3583(g). But 18 U.S.C. § 3583(d) also provides

that "[t]he court shall consider whether the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such programs, warrants an exception in accordance with United States Sentencing Commission guidelines from the rule of section 3583(g) when considering any action against a defendant who fails a drug test." 18 U.S.C. § 3583(d); *see also United States v. Brooker*, 858 F.3d 983 (5th Cir. 2017) (noting the issue of whether the Section 3853(d) exception applies where the established violations of a defendant's conditions of supervised release include more than failing a drug test).

Based on Defendant's knowing and voluntary pleas of true to the violations listed as II, III, and VI in the Petition and to the violations listed as I in the Addendum, Defendant has violated his conditions of supervised release, and revocation of his supervised release is mandatory.

As set out in the Petition, the statutory maximum term of incarceration upon revocation of Defendant's supervised release is 2 years. *See* Dkt. No. 6 at 5 (citing 18 U.S.C. § 3583(e)(3).) Based upon a violation grade of A and a criminal history category of IV, the resulting range of imprisonment under United States Sentencing Guideline (USSG) § 7B1.4(a) is 24-30 months. *See id.* But, without the new offense violation listed as I in the Petition, the violations amount to a grade of C, and, with a criminal history category of IV, the resulting range of imprisonment under United States Sentencing Guidelines is 6-12 months.

Defendant argued for an exception to mandatory revocation, and the undersigned finds that Section 3583(d) requires the Court to consider the availability

-11-

of appropriate substance abuse treatment programs, or an individual's current or past participation in such programs, as a possible exception to mandatory revocation where Defendant's violation include failed drug tests. And the undersigned finds that the Court should, in its discretion, apply this exception. After considering the relevant factors identified in 18 U.S.C. § 3583(e) that are set forth in 18 U.S.C. § 3553(a), and not considering any factor that it is precluded from considering under Supreme Court or Fifth Circuit authority, the undersigned finds that continuing Defendant on his current conditions of release is appropriate. The evidence shows that Defendant is doing well on group treatment, beginning on December 16, 2020, for his dependence on marijuana and that he has a steady, good-paying job with Quest Diagnostics making $30/hour and has submitted clean drug tests since January 2021. Continuing him on his current conditions will afford him the opportunity to continue his progress, including by allowing him to keep his job that provides him with a means of successfully supporting himself in a law-abiding manner.

## Recommendation

The defendant's pleas of true should be accepted, and he should be continued on his current term of supervised release.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CRIM. P. 59(b). In order to be specific, an objection must identify the specific finding or

recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 3, 2021

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE

-13-